## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Cirer

v.

Connelley

June 4, 1985

Case No. (Chancery) 7848

By JUDGE AUSTIN E. OWEN

Subsequent to your appearance on May 31, 1985, with respect to this matter, I have briefly reviewed the Virginia Code sections relating to partition, and Michie's Jurisprudence, Volume 14A, *Partition*. I have noticed that Code section 8.01-88 does now provide that a decree in partition can serve to convey title to the same extent as if the decree directed conveyance of title and the title was so conveyed.

I have also noted that Code section 55-2 prohibits any *voluntary* partition of lands except by deed.

Section 1.2 of Appendix B of the City code defines a "subdivision" as the division of any parcel of land into two or more lots or parcels for immediate or future transfer of ownership, and provides that the term includes all changes in lot lines. Section 2.2 of that ordinance prohibits the subdivision of land without the making and recording of a plat and without compliance with the subdivision ordinance. Section 10.1 of the ordinance provides for a fine of not more than $500 for each lot or parcel of land subdivided without compliance with the terms of the ordinance. (State Code section 15.1-473 is to the same general effect).

It also seems noteworthy that State Code section 15.1-475 which provides for an appeal to the circuit court from a refusal to approve or disapprove a plat, does not permit the court to approve or disapprove a

plat, but merely permits the court to direct the appropriate city commission or agency to grant such approval or disapproval.

Likewise, an appeal from the action of City Council in refusing to approve the subdivision of the property in question, would not authorize this court to approve the subdivision, but merely to sustain the action of Council or to refer it back to Council with appropriate instructions.

It would not seem conceivable that these procedures could be by-passed merely by the institution of a suit for partition.

In the same vein, I believe from your comments that you are of the opinion that plaintiffs and defendants in this suit would not be well-advised to execute and record a deed of *voluntary* partition. Again, it would not seem that the statutory enactments ever envisioned a process where the same *voluntary* partition could be accomplished by a consent decree without concern for the subdivision ordinances and statutes.

Unless you find some authority to the contrary, I would not be inclined to enter the consent decree submitted in this matter. However, since the suit is filed, if you so desire and will draft an appropriate order of reference, we will refer the matter to one of our commissioners in Chancery for the taking of evidence and filing of a report containing recommendations with respect to the relief sought.